**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| OSCAR N. FUENTES, #35154-177, )<br>      Petitioner, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA. )<br>      Respondent. ) | | 3:08-CV-2064-G<br>(3:06-CR-0249-G(04)) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* motion to vacate, set aside or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Movant is presently incarcerated in the federal prison system at FCI Big Spring in Big Spring, Texas. The court did not issue process in this case pending preliminary screening.

Statement of the Case: Petitioner pled guilty to conspiracy to distribute a controlled substance in violation of 18 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). *United States v. Fuentes*, No. 3:06cr0249-G(4) (N.D. Tex.). On February 14, 2007, the court entered judgment assessing punishment at 236 months imprisonment, and a five-year term of supervised release. *Id.* Petitioner did not appeal.

On November 29, 2007, Petitioner filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the United States District Court for the District of Columbia, raising

jurisdictional challenges to his conviction and alleging that counsel rendered ineffective assistance in failing to raise those jurisdictional issues. On December 4, 2007, the DC Court concluded that the claims should be presented in a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, which is cognizable only in the sentencing court, and dismissed the petition because it could not entertain any of the claims.

In the instant § 2255 motion, filed on November 18, 2008, Petitioner reasserts the constitutional claims raised in his DC habeas petition.[1]

On November 24, 2008, the court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why his case was not barred by the limitations period, or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response on December 22, 2008.

<u>Findings and Conclusions</u>: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), establishes a one-year statute of limitations for federal inmates seeking relief under § 2255. *See* 28 U.S.C. § 2255(f). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The one-year period is calculated from the latest of either (1) the date on which the judgment of conviction becomes final; (2) the date on which an impediment to filing a § 2255 motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action; (3) the

---

[1] For purposes of this recommendation, the petition is deemed filed on October 29, 2008, the date Petitioner signed it and presumably placed it in the prison mail. (Petition at 13). *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

2

date on which the Supreme Court initially recognizes a new constitutional right, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Petitioner has alleged no impediment created by government action under subparagraph (2) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (3). With regard to subparagraph (4), the Court determines that the facts supporting Movant's grounds for relief became known or should have become known prior to the date the judgment of conviction became final. Thus, the court will calculate the one-year statute of limitations under subparagraph (1) from the date Movant's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review.

Since Petitioner did not perfect a direct appeal, his conviction became final on March 2, 2007, ten days after entry of the judgment of conviction on February 15, 2007. *See* Fed. R. App. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."). The one-year limitations period began to run on March 3, 2007, the day after his conviction became final, and expired on March 2, 2008. Because that date fell on a Sunday, the limitations period was extended to the following Monday, March 3, 2008. *See* Fed. R. Civ. P. 6(a); *Flanagan v. Johnson,* 154 F.3d 196, 200-01 (5th Cir. 1998) (applying Rule 6(a)). Movant did not execute his § 2255 motion until October 29, 2008, more than seven months after the expiration of the one-year limitations period. (*See* § 2255 mot.

3

at 11). Therefore, the § 2255 motion is clearly time barred absent equitable tolling.

In response to the court's show cause order, Petitioner asserts that he timely filed his § 2255 motion in the DC court approximately three months before the one-year period elapsed. He further asserts that the DC Court improperly dismissed his first, timely filed § 2255 motion instead of exercising its discretion under 28 U.S.C. § 1631 to transfer it to the sentencing court in the Northern District of Texas.

Petitioner filed a § 2241 habeas corpus petition, not a § 2255 motion, in the DC Court. The petition was styled "Petition for Common Law Writ of Habeas Corpus by a Person in Federal Custody," and the Application and Memorandum attached the petition specifically referred to the jurisdictional basis found in 28 U.S.C. § 2241. *See Fuentes v. Attorney General*, 1:07cv2158 (DCDC filed Nov. 29, 2007) (Docket #1). The DC court found that Petitioner had "not moved for relief under § 2255, nor ha[d] he demonstrated the inadequacy of that remedy to test the legality of his detention." *See Id.* Dec. 4, 2007 Ord at 2 (attached to the § 2255 motion and Petitioner's response). Having filed a § 2241 petition, Petitioner cannot now claim that his petition timely sought relief pursuant to § 2255 under the mailbox rule.

Next Petitioner asserts that the DC court improperly dismissed his petition instead of transferring it to this court under § 1631. He requests that "this court exercise it's [sic] discretion under 28 U.S.C. § 1631 and transfer movant's habeas to the Northern District of Texas or in the alternative allow movant to file a new 2255 motion in this court." (Pet's Response at 3).[2]

---

[2] 28 U.S.C. § 1631 reads in relevant part as follows:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or

This court lacks the authority to take any action under § 1631 with respect to the § 2241 petition filed in the DC court. Petitioner should have raised any arguments relating to his § 2241 petition directly with the DC court, or filed an appeal from the DC court's order of dismissal. In *Miller v. Hambrick*, 905 F.2d 259 (9th Cir. 1990), on which Petitioner relies, the prisoner did just that. He appealed from the order dismissing his § 2241 petition for want of jurisdiction, and the Ninth Circuit reversed and remanded with instructions to transfer the case under § 1631. *Id.*

In addition to relying on § 1631, Petitioner seeks leave "to file a new 2255 motion in this court." In light of the one-year statute of limitations, this court lacks the authority to grant Petitioner leave to file a new, timely § 2255 motion. The court, however, liberally construes his contention as a request for equitable tolling of the one-year limitations period.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g*

---

appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

*granted in part*, 223 F.3d 797 (5th Cir. 2000). The DC court dismissed the § 2241 petition on December 4, 2007, with 88 days remaining on the one-year limitations period. While the order of dismissal did not mentioned the one-year limitations period, it advised Petitioner that his claims were cognizable only in the sentencing court under 28 U.S.C. § 2255, which specifically sets out the one-year limitation period. Petitioner provides no explanation for the ten-month delay between the dismissal of his DC petition and the filing of his § 2255 motion in this court. "[E]quity is not intended for those who sleep on their rights." *Fisher* v. *Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

The party seeking equitable tolling has the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden to show that equitable tolling is warranted, the District Court should in its discretion refuse to apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons it is recommended that the motion to vacate under 28 U.S.C. § 2255 be DISMISSED as barred by the one-year statute of limitations.

A copy of this recommendation will be mailed to Petitioner.

Signed this 30th of January, 2009.

_/s/ Wm. F. Sanderson, Jr._
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.